# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EARNEST JOHNSON,**

        **Plaintiff,**

**v.**                                     **Case No:  6:17-cv-1401-Orl-18DCI**

**YETTIE THOMPKINS,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed a Complaint against Defendant on July 31, 2017.

Doc. 1.  The undersigned, as discussed below, recommends that the Complaint be dismissed

without leave to file an amended complaint.[1]

Plaintiff previously filed a complaint against Defendant on June 28, 2017.  *Johnson v.*

*Thompkins*, Case No. 6:17-cv-1205-Orl-40DCI, Doc. 1 (M.D. Fla. June 28, 2017) (*Johnson I*).

The undersigned described that complaint as follows:

> The Complaint appears to stem from a state court action between
> Plaintiff and Defendant, who appears to be Plaintiff's former
> spouse.  It appears Plaintiff alleges that Defendant fraudulently
> represented that Plaintiff had given her some degree of interest in
> real property – which Plaintiff appears to claim was non-marital
> property – thus inducing the state court to award her partial interest
> in the real property.  Plaintiff alleges that the Court has diversity
> jurisdiction over this case because he and Defendant are both
> citizens of Florida, and the amount in controversy exceeds

---

[1] The undersigned notes that Plaintiff has neither paid the filing fee ($400.00) nor has he filed a
motion to proceed *in forma pauperis*.  The undersigned would ordinarily recommend that the Court
direct the plaintiff in such a situation to pay the filing fee or file a motion to proceed *in forma
pauperis*.  The undersigned, though, finds that the Court lacks subject matter jurisdiction over the
case, and that it would be futile for Plaintiff to file an amended complaint.  Therefore, the
undersigned finds that it is unnecessary to recommend that Plaintiff pay the filing fee or file a
motion to proceed *in forma pauperis*.

$75,000.00, exclusive of interest and costs. Plaintiff demands
various forms of relief, including $150,000.00.

*Id*. at Doc. 4 at 1-2 (citations omitted). The undersigned found that the Court did not have federal

question jurisdiction or diversity jurisdiction over the case, and, thus, recommended that the

complaint be dismissed for lack of subject matter jurisdiction and Plaintiff not be granted leave to

file an amended complaint. *Id*. at Doc. 4 at 2. Plaintiff objected to the report and recommendation.

*Id*. at Doc. 5. The Court, however, overruled Plaintiff's objections, adopted the report and

recommendations, and dismissed the case without prejudiced for lack of subject matter

jurisdiction. *Id*. at Doc. 6.

Plaintiff filed the instant Complaint against Defendant on July 31, 2017. Doc. 1. The

allegations in the Complaint are materially identical to those in *Johnson I*. *Compare* Doc. 1 *with*

*Johnson I*, Case No. 6:17-cv-1205-Orl-40DCI, Doc. 1. Plaintiff, in relevant part, alleges that the

Court has diversity jurisdiction over this case because he and Defendant are both citizens of

Florida, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Doc.

1 at 1.

A federal court has original jurisdiction over all civil actions: 1) arising under the

Constitution, laws, or treaties of the United States (i.e., federal question jurisdiction); or 2) where

there is complete diversity of citizenship between the parties in the action and the amount in

controversy exceeds $75,000.00, exclusive of interest and costs (i.e., diversity jurisdiction). 28

U.S.C. §§ 1331, 1332. "If the court determines at any time that it lacks subject-matter jurisdiction,

the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Court does not have subject matter jurisdiction over this case. First, the Court does

not have federal question jurisdiction over this case because there is nothing in the Complaint

which demonstrates that the action arises under the Constitution, laws, or treaties of the United

States.  *See* Doc. 1.  Second, the Court does not have diversity jurisdiction over this case.  Plaintiff

alleges that the Court has diversity jurisdiction over this case because he and Defendant are citizens

of Florida, and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

*Id*. at 1.  There is no diversity jurisdiction where a plaintiff and defendant are citizens of the same

state.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (complete diversity of

citizenship exists where "*each* defendant is a citizen of a different State from *each* plaintiff.").[2]

Thus, Plaintiff's allegations establish that the Court does not have diversity jurisdiction over this

case.  Therefore, the undersigned finds that the Court does not have subject matter jurisdiction

over this case.

The undersigned must next considered whether Plaintiff should be granted an opportunity

to file an amended complaint.  A *pro se* plaintiff must generally be given one chance to amend his

or her complaint if the district court dismisses the complaint.  *Silva v. Bieluch*, 351 F.3d 1045,

1048-49 (11th Cir. 2003).  A district court, however, need not allow an amendment where

amendment would be futile.  *Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir.

2014) (per curiam) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)).

"Leave to amend a complaint is futile when the complaint as amended would still be properly

dismissed or be immediately subject to summary judgment for the defendant."  *Id*.

The undersigned finds that Plaintiff will not be able to establish that the Court has subject

matter jurisdiction over this case.  First, Plaintiff again has not asserted a federal claim, and, based

on *Johnson I* and the allegations in the instant Complaint, it does not appear that Plaintiff would

assert a federal claim if he were granted leave to file an amended complaint.  Second, Plaintiff is

unable to establish that the Court has diversity jurisdiction because he and Defendant are citizens

---

[2] The undersigned expresses no opinion concerning the amount in controversy.

of the same state.  Doc. 1 at 1.  Therefore, the undersigned finds that leave to amend the Complaint would be futile, because Plaintiff will not be able to establish that the Court has subject matter jurisdiction over this case.

Accordingly, it is **RECOMMENDED** that:

1. The Complaint (Doc. 1) be **DISMISSED without prejudice**; and

2. The Clerk be directed to close the case.

**The Clerk is directed to send a copy of this report and recommendation to Plaintiff by regular and certified mail.**

<u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 3, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy